**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WELLOSOPHY CORPORATION, ) | Case No.: 2:10-cv-02229-GMN-GWF |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| HERO NUTRITION, LLC; DAVID BARTON ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendant David Barton's Motion to Dismiss or in the alternative Transfer Venue (ECF No. 9). Plaintiff Wellosophy Corporation filed an untimely Response on June 30, 2011 (ECF No. 17).[1] Defendant did not file a Reply.

## **FACTS AND BACKGROUND**

This suit arises from an alleged copyright infringement. Plaintiff is a Florida Corporation with it principal place of business in Florida. (Compl. ¶2, ECF No. 1.) Defendant Hero Nutrition is a limited liability company with its principal place of business in Utah. (Barton Decl. ¶4, ECF No. 9.) Defendant David Barton is a citizen of Utah. (*Id.* at ¶2.) Barton is a member and manager of Hero Nutrition. (*Id.* at ¶3.) Plaintiff alleges that Defendants operate an interactive website that promotes and sells products to Nevada residents. (Compl. at ¶19.) Plaintiff alleges that Defendants Hero Nutrition and David Barton reproduced an unauthorized copy of Plaintiff-owned content on the website www.myheronutrition.com. (*Id.* at ¶35.)

Plaintiff filed the instant suit on December 22, 2010. (*See* Compl.) The summons and complaint were served on Defendant David Barton and Hero Nutrition, LLC on January 26,

---

[1] The Court granted a stipulation to extend the date to file the Response to May 18, 2011 on March 21, 2011 (ECF No. 12). However there were no subsequent orders or stipulations extending the filing deadline.

2011.  (*See* Summons Returned Executed, ECF Nos. 7 & 8.)  Accordingly, Defendants had until February 16, 2011 to file an answer or a Rule 12 motion.  Therefore it appears that Barton's Motion to Dismiss, filed on March 4, 2011 is untimely.[2]  However, it appears that in the Ninth Circuit a Rule 12(b) motion to dismiss filed before a responsive pleading is timely.  *See Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir.1988)( "This circuit allows a motion under Rule 12(b) any time before the responsive pleading is filed.")  Plaintiff did not object to Barton's untimely motion, therefore the Court will address it.

## DISCUSSION

### A.     Personal Jurisdiction

A defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  When a defendant raises the defense, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Personal jurisdiction over a nonresident defendant is established when a two-part test is satisfied.  First, there must be personal jurisdiction under the laws of the state where it is asserted. *Chan v. Society Expeditions, Inc*., 39 F.3d 1398, 1404 (9th Cir. 1994).  Second, the exercise of jurisdiction must satisfy due process. U.S. Const. amend XIV, 1; *Chan*, 39 F.3d at 1404–05.

For a non-resident defendant, the assertion of jurisdiction is constitutionally proper under the Due Process Clause of the Fourteenth Amendment only where there are continuous and systematic contacts with the forum state (general jurisdiction), *Bauman v. DaimlerChrysler Corp.*, 579 F.3d 1088, 1094 (9th Cir. 2009), or when there are sufficient minimal contacts with the forum state such that the assertion of personal jurisdiction does not offend traditional notions of fair play and substantial justice (specific jurisdiction), *Int'l Shoe Co. v. State of Wash., Office*

---

[2] Defendant Hero Nutrition did not file an answer or motion to dismiss.

*of Unemployment Compensation & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

### 1. General Jurisdiction

To establish general personal jurisdiction, the plaintiff must demonstrate the defendant has sufficient contacts to "constitute the kind of continuous and systematic general business contacts that 'approximate physical presence.'" *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124 (9th Cir. 2002)(*quoting Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000), *modified*, *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir.2006)).  Courts consider such factors as whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *Bancroft*, 223 F.3d at 1086.  "[A] defendant whose contacts are substantial, continuous, and systematic is subject to a court's general jurisdiction even if the suit concerns matters not arising out of his contacts with the forum." *Glencore Grain*, 284 F.3d at 1123 (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n. 9, 104 S.Ct. 1868).

Mr. Barton submits that he is a resident of Utah and that he has not personally directed any business activities to residents of the State of Nevada. (Barton Decl. at ¶¶2 & 5.)  He claims that to the extent he participated at all in any activities in the forum state it was in the service of Hero Nutrition. (*Id* at ¶6.)  Plaintiff does not adequately address why Mr. Barton's activities constitute "continuous and systematic" contacts with the forum state.  The complaint only makes generalized allegations that Defendants operate a website to promote and sell products to Nevada residents. (Compl. at ¶19.)  This is not enough to satisfy the Plaintiff's burden to establish personal jurisdiction.  Instead, Plaintiff's response focuses on the ability to establish personal jurisdiction through Defendants' website.  Accordingly, the Court finds that general personal jurisdiction has not been established by Plaintiff.

**2.   Specific Jurisdiction**

The Ninth Circuit employ's a three-part test to determine whether the exercise of specific jurisdiction satisfies the requirements of due process: (1) the defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the plaintiff's claim must arise out of that activity; and (3) the exercise of jurisdiction must be reasonable. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 111 (9th Cir. 2002).

**a.   Purposeful Availment or Direction**

Under the first prong of the Ninth Circuit test the defendant must have either (1) "purposefully availed" himself of the privilege of conducting activities in the forum, or (2) "purposefully directed" his activities toward the forum. *Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 802 (9th Cir. 2004). A purposeful availment analysis is most often used in suits sounding in contract while a purposeful direction analysis is most often used in suits sounding in tort. *Id.* Copyright infringement is often characterized as a tort; therefore, purposeful direction is the proper analytical framework for this case. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir.2010).

Purposeful direction is determined under the "effects" test of *Calder v. Jones*, 465 U.S. 783, 789–90 (1983). "Under *Calder* the 'effects' test requires that the defendant allegedly has (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803. Cases following *Calder* have explained that the "effects" test is not satisfied merely by a foreign act with foreseeable effects in the forum; there must be "something more"-namely, "express aiming" at the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (citing *Calder*, 465 U.S. at 789).

Plaintiff alleges that Defendants copied material from its website from a source assessable from Nevada and displayed the copied material on Defendants' website. (Compl. at ¶ 13.) The intentional act that Plaintiff alleges provides the basis for specific jurisdiction is the operation of the website. Plaintiff alleges that Defendant's content and website are "purposefully directed" and "purposefully targeted" at Nevada residents. (*Id.* at ¶¶14, 16.) Plaintiff alleges that Defendants' website is interactive because it sells products. (*Id.* at ¶ 19.)

Plaintiff fails to establish the third prong of the *Calder* effects test. To show foreseeable harm, a plaintiff must plead facts that establish that defendant's conduct caused harm that defendant knew was likely to be suffered in the forum. *Brayton Purcell*, 606 F.3d at 1131 (9th Cir. 2010). In *Brayton Purcell,* the Ninth Circuit held that the defendant's conduct caused harm that was likely to be suffered in the forum because the defendant knew that the plaintiff resided in the forum. *Id.* at 1131. Plaintiff does not allege any facts that would establish that Barton's operation of a website that is "targeted" at Nevada residents and sells products to Nevada residents would cause harm that is likely to be suffered in Nevada to a plaintiff that resides in Florida. To the contrary the alleged facts only lead to the conclusion that any harm would be suffered by the Plaintiff in Florida where it maintains its principal place of business. Accordingly, the Court finds that Plaintiff has failed to establish specific personal jurisdiction over Defendant David Barton.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant David Barton's Motion to Dismiss (ECF No. 9) is **GRANTED**. The Complaint is dismissed against Defendant David Barton for lack of personal jurisdiction.

DATED this 12th day of December, 2011.

_____
Gloria M. Navarro
United States District Judge